**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH P. DOWNS,

    Plaintiff,

vs.                                                                          CIV. NO. 07-1268 MV/LFG

MARVIN LUJAN, MARK
ALSFELD and DEPARTMENT
of PUBLIC SAFETY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment on Plaintiff's Constitutional Claims, filed April 18, 2008 (Doc. 15). Defendants contend that they are entitled to summary judgment under the doctrine of qualified immunity on *pro se* Plaintiff Joseph P. Downs' claims for alleged violation of his Fourth Amendment rights brought under 42 U.S.C. § 1983. Downs sued the two New Mexico state police officers who arrested him at a home in October 2007, contending that he has a constitutional right to be free from arrest if, before he is arrested, he has not been shown a copy of the arrest warrant the officers are relying on for probable cause for his arrest. *See* Doc. 1 at 1. The Court will grant the Defendants' motion because the record establishes that Defendants Officers Marvin Lujan and Mark Alsfeld did not violate Downs' Fourth Amendment rights as a matter of law and therefore are entitled to qualified immunity.

**I. Applicable law.**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2008 Rev. Ed.);

*see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the moving party makes a proper summary-judgment challenge, the "opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  FED. R. CIV. P. 56(e)(2); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Downs has not filed a response to the summary-judgment motion.  Although such failure does not automatically entitle the Defendants to summary judgment, *see* Rule 56(e)(2), it leaves unchallenged the evidence they have proffered.  *See Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.")

> "In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999).  Once a defendant has raised qualified immunity as an affirmative defense, the plaintiff bears the heavy two-part burden of demonstrating that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). . . . . If the court concludes no constitutional right has been violated, no further inquiry is necessary and the defendant is entitled to qualified immunity.  *Id.*

*Reeves v. Churchich*, 484 F.3d 1244, 1250 (10th Cir. 2007); *see Pearson v. Callahan*, ___ U.S. ___, ___, 129 S. Ct. 808, 816 (2009) (holding that, "while the sequence set forth [in *Saucier v. Katz*, 533 U.S. 194, 201 (2001)] is often appropriate, it should no longer be regarded as mandatory. The judges

2

of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.")

### II. Relevant undisputed facts.

The following facts are undisputed. On October 4, 2007, Officer Alsfeld was on patrol when dispatch contacted him, advising that Downs was living in a trailer in Las Vegas, New Mexico, and there was an outstanding bench warrant for his arrest. *See* Doc. 15, Ex. A. Officer Alsfeld confirmed the existence and validity of the warrant through a National Crime Information Center ("NCIC") computer search and also confirmed that Bernalillo County would extradite Downs from San Miguel County if Officer Alsfeld arrested him. *See id.; id.* Ex. C. Officers Alsfeld and Lujan went to the trailer and confirmed with another resident of the trailer that Downs was inside. *See id.* Ex. A. Based on this information, Officer Lujan entered the trailer and told Downs that he was under arrest on an outstanding arrest warrant; Officer Alsfeld took Downs to the San Miguel County Detention Center. *See id.* Ex. B, *id.* Ex. A.

At a scheduling conference conducted on March 19, 2008, "Downs advised [the Court] that the officer did tell him that the arrest was pursuant to a warrant; that they advised him of the charge; and that the copy of the warrant was provided to him at the jail about an hour or so after the arrest." Doc. 14 at 1 n.1; *see* Doc. 15, Ex. D.

### III. Analysis.

It is well settled that, if an arrest is lawful and made with a warrant and/or probable cause, no Fourth Amendment violation has occurred. *See Smyth v. City of Lakewood*, No. 95-1481, 1996 WL 194715, at *3 (10th Cir. 1996) (noting that, "if the arrest was lawful Mr. Smyth's Fourth

Amendment rights could not have been violated") (unpublished).  Here, it is undisputed that a valid arrest warrant existed and that the Officers confirmed its existence and validity before they arrested Downs.  Although they did not show the warrant to Downs at the time of his arrest, such a showing is not a requirement for a constitutionally-valid arrest.  "An officer on the highway is entitled to rely on an accurate computer notification that there is an existing warrant for an individual's arrest.  The officer is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest." *Id.* at \*4; *see United State v. Hines*, 564 F.2d 925, 927 (10th Cir. 1977) (noting that "information received from the NCIC computer bank has been routinely accepted in establishing probable cause for a valid arrest"); *Hill v. Bogans*, 735 F.2d 391, 392-95 (10th Cir. 1984) (holding that a police officer who made a warrant check by calling officers at the police station, but who was erroneously informed that there was an outstanding bench warrant, "acted reasonably in relying on routine police procedures for establishing the existence of an outstanding warrant" and was entitled to dismissal of the civil- rights claim for violation of the Fourth Amendment's prohibition against warrantless arrests even though the warrant later was discovered to have been invalid).  Because Downs has not presented any facts showing that the Officers violated Downs' constitutional rights, the Defendants are entitled to qualified immunity against suit.  *See Reeves*, 484 F.3d at 1250.

Downs' complaint also names the New Mexico Department of Public Safety as a Defendant. The Court notes, however, that the State and its agencies are not "persons" for purposes of liability under § 1983, thus Downs has not stated a claim for violation of § 1983 against the Department, and any § 1983 claims against the Department must be dismissed.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (noting that "a State is not a 'person' against whom a § 1983 claim for money

4

damages might be asserted").

There remains, however, a state-law claim for property damage to Downs' wheelchair in the amount of $450. *See* Doc. 1 at 1. While the Department and its employees acting in their official capacities would usually be immune from suit on that claim in federal court, when, as here, a state voluntarily invokes the jurisdiction of a federal court by removal, the state waives its Eleventh-Amendment immunity for pendant state-law claims. *See Lapides*, 535 U.S. at 624. In the absence of any viable federal claim, however, the Court may nevertheless remand the state-law tort claims against the state and its employees to state court under 28 U.S.C. § 1367(c)(3). *See id.* at 618, 624. Discovery has been stayed in this case pending the Court's resolution of the motion to dismiss the federal claims, and the Defendants have not moved to dismiss the state-law claims. *See* Doc. 14 at 2. The Court will exercise its discretion to remand those claims to state court.

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment (Doc. 15) is GRANTED in favor of the Defendants and Downs' claims brought against all Defendants under § 1983 are DISMISSED with prejudice;

**IT IS FURTHER ORDERED** that this case is remanded to the Fourth Judicial District Court for the State of New Mexico.

**DATED** this 2nd day of March, 2009.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE